1  LOUIS R. MILLER (State Bar No. 54141)
   smiller@millerbarondess.com
2  DANIEL S. MILLER (State Bar No. 218214)
   dmiller@millerbarondess.com
3  GENE F. WILLIAMS (State Bar No. 211390)
   gwilliams@millerbarondess.com
4  MILLER BARONDESS, LLP
   1999 Avenue of the Stars, Suite 1000
5  Los Angeles, California 90067
   Telephone:  (310) 552-4400
6  Facsimile:   (310) 552-8400

7  Attorneys for Plaintiffs
   AIDAN FOLEY and AF DOUBLE EAGLE, INC.

8

9            UNITED STATES DISTRICT COURT

10          CENTRAL DISTRICT OF CALIFORNIA

11 AIDAN FOLEY, an individual; AF          CASE NO. 13-cv-03691-DSF-SSx
   DOUBLE EAGLE, INC., a California
12 corporation,                            *[Assigned to the Honorable Dale S.*
                                           *Fischer, Courtroom 840]*
13            Plaintiffs,
                                           **PLAINTIFFS' OPPOSITION TO**
14 v.                                      **DEFENDANTS' MOTION TO**
                                           **DISMISS**
15
   ELLIOT AINTABI, an individual;
16 JASON AINTABI, an individual; JESTA     Date:     October 28, 2013
17 DIGITAL, LLC, a Delaware limited        Time:     1:30 p.m.
   liability company; and DOES 1 through   Ctrm:     840
18 10, inclusive,
                                           Action Removed:    May 23, 2013
19            Defendants.

20

21

22

23

24

25

26

27

28

*(left margin vertical text)* MILLER BARONDESS, LLP  ATTORNEYS AT LAW  1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067  TEL:(310) 552-4400  FAX:(310) 552-8400

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................... 1

II. FACTS ALLEGED IN THE COMPLAINT ............................................. 4

    A. The Agreement ............................................................................... 4

    B. Defendants' Misrepresentations ................................................... 6

III. Legal Standard ........................................................................................ 7

IV. LEGAL ARGUMENT ............................................................................. 8

    A. The Economic Loss Rule Does Not Apply In This Case ................. 8

    B. Justifiable Reliance Is A Factual Issue To Be Determined By The Jury .............................................................................................. 10

        1. California Law Prohibits Using Contract Terms to Create Fraud Immunity ................................................................. 11

        2. Parol Evidence Is Admissible to Prove Fraud ................... 12

    C. The Existence Of A Confidential Relationship Is A Question Of Fact For The Jury ........................................................................ 13

    D. Plaintiffs Properly Allege Breaches Of The Agreement ............. 14

    E. Jesta Digital, LLC Is A Proper Party ......................................... 15

    F. Defendants' Motion To Strike Lost Profits Is Improper ............. 16

        1. Claims for Damages Cannot Be Stricken Under Rule 12(f) .... 16

        2. Dismissing a Request for Relief Is Improper Under Rule 12(b)(6) ........................................................................... 17

    G. Disgorgement Of Profits Is Recoverable For Breach Of This Agreement ................................................................................... 18

    H. Lost Profits Are Recoverable For Fraud ..................................... 19

V. CONCLUSION ...................................................................................... 20

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

162952.2

# TABLE OF AUTHORITIES

Page

## CASES

*Ajaxo Inc. v. E\*Trade Group, Inc.*,
  135 Cal. App. 4th 21 (2005) ....................................................................18

*Alliance Mortgage Co. v. Rothwell*,
  10 Cal. 4th 1226 (1995) ..........................................................................11

*Am. Int'l Enters., Inc. v. F.D.I.C.*,
  3 F.3d 1263 (9th Cir. 1993) .....................................................................13

*Ashcroft v. Iqbal*,
  556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ...................7

*Balistreri v. Pacifica Police Dept.*,
  901 F.2d 696 (9th Cir. 1990) .....................................................................7

*Barbara A. v. John G.*,
  145 Cal. App. 3d 369 (1983) ...................................................................13

*Barrientos v. CitiMortgage, Inc.*,
  2012 WL 5914514 (N.D. Cal. Nov. 26, 2012) ..........................................10

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ...................7

*Benis v. Sallie Mae, Inc.*,
  2011 WL 3714783 (C.D. Cal. Aug. 24, 2011), .........................................15

*Blankenheim v. E.F. Hutton & Co.*,
  217 Cal. App. 3d 1463 (1990) ..................................................................12

*Cahill v. Liberty Mut. Ins. Co.*,
  80 F.3d 336 (9th Cir. 1996) .......................................................................8

*California Shoppers, Inc. v. Royal Globe Ins. Co.*,
  175 Cal. App. 3d 1 (1985) ...................................................................16, 19

*City Solutions, Inc. v. Clear Channel Commc'ns, Inc.*,
  201 F. Supp. 2d 1048  (N.D. Cal. 2002) ...................................................14

*Danzig v. Jack Grynberg & Associates*,
  161 Cal. App. 3d 1128 (1984) ..................................................................12

*De La Cruz v. Tormey*,
  582 F.2d 45(9th Cir. 1978) .........................................................................7

*Doe v. U.S. Dept. of Justice*,
  753 F.2d 1092  (D.C. Cir. 1985) ...............................................................17

*Doss v. South Cent. Bell Telephone Co.*,
  834 F.2d 421 (5th Cir. 1987) ....................................................................17

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL:(310) 552-4400  FAX:(310) 552-8400

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

162952.2

*Foster Poultry Farms, Inc. v. SunTrust Bank,*
   377 F. App'x 665 (9th Cir. 2010) ....................................................................18

*Freeman & Mills, Inc. v. Belcher Oil Co.,*
   11 Cal. 4th 85 (1995) ..................................................................................10

*Gilligan v. Jamco Development Corp.,*
   108 F.3d 246 (9th Cir. 1997) ........................................................................7

*Glen K. Jackson Inc. v. Roe,*
   273 F.3d 1192 (9th Cir. 2001) ....................................................................13

*Gray v. Don Miller & Associates, Inc.,*
   35 Cal. 3d 498 (1984) ................................................................................11

*Haddock v. Bd. of Dental Examiners of California,*
   777 F.2d 462 (9th Cir. 1985) ......................................................................17

*Howell v. Oregonian Publishing Co.,*
   87 Or. App. 85, 735 P.2d 659 (1987) ..........................................................13

*In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices,*
   *and Product Liability Litigation,*
   754 F. Supp. 2d 1145 (C.D. Cal. 2010) ......................................................16

*JMP Securities LLP v. Altair Nanotechnologies Inc.,*
   880 F. Supp. 2d 1029 (N.D. Cal. 2012) ......................................................10

*Levy v. State Farm Mutual Auto. Ins. Co.,*
   150 Cal. App. 4th 1 (2007) ........................................................................15

*Lucky Auto Supply v. Turner,*
   244 Cal. App. 2d 872 (1966) ......................................................................19

*Manderville v. PCG & S Group, Inc.,*
   146 Cal. App. 4th 1486 (2007) ..................................................................12

*Mann v. Jackson,*
   141 Cal. App. 2d 6 (1956) ..........................................................................19

*Massey v. Banning Unified School Dist.,*
   256 F. Supp. 2d 1090 (C.D. Cal. 2003) ......................................................17

*MDNet, Inc. v. Pharmacia Corp.,*
   147 F. App'x 239 (3d Cir. 2005) ..................................................................13

*Multifamily Captive Group, LLC v. Assurance Risk Managers, Inc.,*
   629 F. Supp. 2d 1135 (E.D. Cal. 2009) ......................................................10

*Natural Soda Products Co. v. City of Los Angeles,*
   23 Cal. 2d 193 (1943) ................................................................................19

*Oracle USA, Inc. v. XL Global Services, Inc.,*
   2009 WL 2084154 (N.D. Cal. July 13, 2009) ............................................10

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

iii

162952.2

*Persson v. Smart Inventions, Inc.,*
    125 Cal. App. 4th 1141, 1161 (2005)................................................14

*Phillippe v. Shapell Industries,*
    43 Cal. 3d 1247 (1987).......................................................................13

*Rejects Skate Magazine, Inc. v. Acutrack, Inc.,*
    2006 WL 2458759 (N.D. Cal. Aug. 22, 2006).................................9

*Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Ass'n,*
    55 Cal. 4th 1169 (2013).....................................................................13

*Robinson Helicopter Co., Inc. v. Dana Corp.*
    34 Cal. 4th 979 (2004)...................................................................8, 9

*Rodriguez v. Serv. Employees Int'l,*
    755 F. Supp. 2d 1033, 1054 (2010)...............................................17

*Ron Greenspan Volkswagen, Inc. v. Ford Motor Land Development Corp.,*
    32 Cal. App. 4th 985 (1995)...........................................................11

*Schwartz v. Eaton,*
    264 F.2d 195 (2d Cir. 1959)............................................................17

*Silver v. Goldman Sachs Group, Inc.,*
    2011 WL 1979241 (C.D. Cal. May 19, 2011)...............................10

*Simmons v. Ratterree Land Co.,*
    217 Cal. 201 (1932)..........................................................................12

*Stout v. Turney,*
    22 Cal. 3d 718 (1978).......................................................................19

*Sussex Fin. Enters., Inc. v. Bayerische Hypo-Und Vereinsbank AG,*
    460 F. App'x 709 (9th Cir. 2011)...................................................13

*Vestar Dev. II, LLC v. General Dynamics Corp.,*
    249 F.3d 958 (9th Cir. 2001).....................................................16, 18

*Walling v. Beverly Enterprises,*
    476 F.2d 393  (9th Cir. 1973)............................................................8

*Whittlestone, Inc. v. Handi-Craft Co.,*
    618 F.3d 970 (9th Cir. 2010)...........................................................16

## **RULES**

Fed. R. Civ. P. 8(a)(2)...........................................................................7

Fed. R. Civ. P. 12(b)(6)..................................................................16, 17

## **STATUTES**

Cal. Civ. Code § 1668..........................................................................12

Evid. Code § 410..................................................................................16

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

# I.   __INTRODUCTION__

Defendants Elliot Aintabi, Jason Aintabi, and Jesta Digital, LLC (collectively "Defendants") are wrong on the facts and the law.  Plaintiffs have alleged fraud (both constructive and promissory), intentional misrepresentation and concealment by Defendants *separate and apart* from Plaintiffs' breach of contract claim.  As a result, the economic loss rule does not apply—it does not bar Plaintiffs' *independent* tort claims.

This case involves a written signed Confidentiality and Non-Circumvention Agreement (the "Agreement") entered into between Plaintiff AF Double Eagle ("Double Eagle") and "Jesta Group."  The Agreement defines the "Parties" as including "any of their respective current or future subsidiaries, affiliates, partners, or related entities," and their "directors, officers, employees, agents, partners, affiliates, and financial, legal, and other advisors."  The fundamental purpose of the Agreement, and the reason for the broad definition of "Parties," was to ensure that no Jesta-related person or entity could use Plaintiffs' confidential information, contacts or know-how and expertise to circumvent Plaintiffs in the acquisition of Fox Mobile Group ("FMG"), a business that provides ring tones, video and other content to its customers' mobile devices on a subscription basis.

Plaintiffs were among a select group of bidders who were approached by representatives of FMG about the opportunity to acquire FMG from News Corp.  The opportunity to submit bids to acquire FMG was strictly confidential and open to bidders by invitation only.

Recognizing the potential value of the acquisition, Plaintiffs began exploring potential investment partners to help finance the acquisition.  Defendants were one of the investors to whom Plaintiffs offered the investment opportunity.  Plaintiffs had all potential investors sign a confidentiality and non-circumvention agreement, which was intended to preserve and protect Plaintiffs' right to acquire FMG.   Defendants signed the Agreement on December 17, 2009.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1

162952.2

After Defendants signed the Agreement, Plaintiffs worked diligently for over a year on the potential purchase of FMG, pouring substantial time, energy, resources and expertise into the project.  These efforts included traveling to FMG's Berlin, Germany office, and conducting extensive due diligence, as well as developing a business plan, communicating with FMG representatives and developing relationships with the News Corp. investment bankers responsible for managing the sale.  Defendants' role was to provide the financing for the acquisition.

Defendants, too, began to recognize the potential value in acquiring FMG.  In order to induce Plaintiffs to select Jesta as their investment partner, Defendants represented to Plaintiffs that they were committed to Plaintiffs' bid to acquire FMG, that they would finance the acquisition, and that Plaintiff Aidan Foley would be made CEO of FMG after the acquisition.

Relying on those promises, Plaintiffs made the decision to proceed with Defendants as their investment partners.  They discontinued negotiations with other investment partners.  The Defendants' representations, and their promises and inducements, occurred months *after* the Agreement was signed.

Defendants ultimately breached the Agreement, by taking Double Eagle's confidential information, its contacts at News Corp., FMG, and their investment bankers, and its know-how and expertise.  Defendants cut Double Eagle out of the deal and acquired FMG for themselves.  The promises made by Defendants to induce Plaintiffs to select Defendants as their investment partner were made after—and were *separate and apart from*—the Agreement.

Plaintiffs could have selected any of the other investors they were negotiating with.  Plaintiffs chose to move forward with Defendants in reliance on the false promises made by Defendants.

Defendants' other arguments are wrong as well:

(1)     <u>Reasonable Reliance</u>.  Plaintiffs' reliance on Defendants' misrepresentations is a question of fact for the jury.  California law permits the use of

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  parol evidence—with or without an integration clause—to prove fraud.

2       (2)   <u>Confidential Relationship</u>.  Similarly, the existence of a confidential

3  relationship to support the constructive fraud claim is a question of fact for the jury.

4  The cases cited by Defendants actually support this conclusion.  Plaintiffs have

5  properly alleged the existence of such a relationship, and the Agreement itself states

6  that the parties had a confidential relationship.

7       (3)   <u>Breach of Contract</u>.  Defendants' assertion that they did not breach the

8  Agreement ignores the basic terms of the Agreement and attempts to interpret the

9  Agreement in such a way as to render the Agreement a nullity.  In fact, Defendants did

10  breach the Agreement.

11       Defendants breached the Agreement by using the confidential information,

12  contacts, know-how and expertise provided by Plaintiffs to evaluate, and make, the

13  purchase of FMG *without* Plaintiffs.  They further breached the Agreement by

14  engaging in direct communications with representatives from News Corp. and FMG

15  without apprising Plaintiffs of those communications and not ceasing those

16  communications upon Plaintiffs' request.

17       The purpose of the Agreement was to protect Plaintiffs from exactly what

18  occurred here.  Defendants cannot avoid liability simply by delaying the closing of the

19  acquisition until a few days after the Agreement expired.  To allow such a result

20  would render non-circumvention agreements meaningless.

21       (4)   "<u>Party</u>." Jesta Digital, LLC ("Jesta Digital") is a proper party to this

22  action because it fits within the definition of a "Party" to the Agreement—i.e., a

23  current or a future subsidiary, affiliate, partner or related entity to Jesta Group.

24  Defendants' claim that Jesta Digital was not created until after the alleged misconduct

25  is wrong.

26       (5)   <u>Damages</u>.  Case law in California and the Ninth Circuit holds that given

27  the nature of confidentiality/non-circumvention agreements, a party alleging a

28  violation of such an agreement is entitled to seek disgorgement of profits.  Defendants

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

cite to no cases addressing recovery of damages for violation of the type of contract at issue in this case. Nor is it proper, procedurally, to adjudicate damages in a pleading motion.

## II.   FACTS ALLEGED IN THE COMPLAINT

### A.   The Agreement

Plaintiffs Aidan Foley and AF Double Eagle, Inc. (together, "Plaintiffs") were among the select few given the potentially very lucrative opportunity to acquire Fox Mobile Group ("FMG"). To take advantage of this opportunity, Plaintiffs needed a financial partner to provide capital for the acquisition. Defendants were among the partners Plaintiffs were considering to help finance the acquisition. Plaintiffs sought to protect themselves from the possibility of any of their investment partners stealing the opportunity.

To that end, they required that Defendants sign a Confidentiality and Non-Circumvention Agreement, which the parties did in December 2009. The Agreement defined Jesta Group as the "Recipient" and AF Double Eagle as the "Discloser." It broadly defined the "Parties" as including "any of their respective current or future subsidiaries, affiliate, partners, or related entities;" and in the Non-Circumvention clause (¶ 4), broadened the definition of "parties" further to include their "Representatives," as follows:

> For purposes of this Agreement, the term "Representative" shall include Recipient's [Jesta Group's] directors, officers, employees, agents, partners, affiliates, and financial, legal, and other advisors.

(Agreement, p. 1.)

Here is paragraph 4:

> 4.   **Non-Circumvention.**  Recipient hereby agrees to abstain from circumventing the intent and terms of this Agreement by means or use of affiliates, subsidiaries, individuals, or any other entities or Representatives to which the benefits may run to Recipient indirectly, whether by direct payment, payments in kind, agreements, or any other type of beneficial treatment or consideration. **Recipient agrees not to circumvent or attempt to circumvent this**

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

162952.2

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

**Agreement in an effort to gain for it, or deny to Discloser, any potential development, investment, acquisition, profits, fees, commissions, remuneration or considerations to the benefit of Discloser which would otherwise be owed to Discloser.  It is the intent of both Parties that Recipients shall not, independent of Discloser, use or take advantage of the Confidential Information, Discloser contacts, Discloser partners, Discloser know-how or expertise developed or disclosed by Discloser to Recipient during the Term of this Agreement.**

Upon Discloser's written consent, Recipient may initiate direct communication with the acquisition target(s) subject to the Transaction.  Discloser reserves the right to withdraw such consent at any time in the event Discloser determines Recipient's communication with the target company or any other party to the Transaction is not in Discloser's best interests.  Recipient shall apprise Discloser of all communications, developments, facts, proposals, offers, and other matters material to the Transaction, unless and until Discloser elects to disassociate from the Transaction.

(Agreement, ¶ 4 (bold in original).)

The Agreement also confirmed that by entering into the Agreement, the parties were entering into a confidential relationship:

THEREFORE, the Parties agree to enter into a confidential relationship with respect to the disclosure by Discloser [Double Eagle] to Recipient [Jesta Group] of certain information.

(Agreement, p. 1.)

Lastly, the Agreement broadly defined what constitutes confidential information:

1.    Definitions.  For purposes of this Agreement, "Confidential Information" shall include all information or material that has or could have commercial value or other utility in the business or prospective businesses of Discloser; all information and know-how, whether or not in tangible form, that is disclosed by one party (Discloser) to the other (Recipient) and is related to the business, technical, or financial affairs of the disclosing party or its parent, subsidiaries, or affiliates. . . .

Confidential information includes, but is not limited to, the proposal materials, project, and Transaction information of Discloser.

162952.2

(Agreement, ¶ 1.)

As set forth in the Complaint, Defendants committed numerous breaches of the Agreement, including the following:

- Usurping Double Eagle's right to acquire FMG (Complaint, ¶¶ 58-59);
- Misusing the confidential information Plaintiffs provided them to acquire FMG (Complaint, ¶ 60(a));
- Engaging in direct, secret communications with FMG and not disclosing those communications to Double Eagle (Complaint, ¶ 60(b));
- Continuing to engage in direct communications with FMG in disregard of Double Eagle's withdrawing its consent to such communications (Complaint, ¶ 60(c));
- Circumventing Plaintiffs and excluding them from the transaction.

## B.    Defendants' Misrepresentations

*After* signing the Agreement, *after* receiving confidential information from Double Eagle, Defendants recognized the benefits and profits to be realized from the acquisition. Defendants knew that Plaintiffs were in negotiations with other potential financial partners. To induce Plaintiffs to select Defendants, Defendants represented, verbally and in writing, that they would provide financing for Plaintiffs to acquire FMG.

These representations included Defendants' repeated assurances that they fully supported Plaintiffs' acquisition efforts; that they would provide the financial resources for the acquisition; and that following the acquisition of FMG, Aidan Foley would be made the CEO of the newly acquired entity, complete with salary and bonus.

Plaintiffs worked diligently to secure a deal to acquire FMG. Plaintiffs conducted substantial due diligence of FMG, including traveling to FMG's Berlin, Germany offices and meeting with executives at FMG and News Corp., as well as News Corp.'s bankers in New York.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

As a result, Plaintiffs were able to reduce the sale price for FMG. Defendants thereupon represented they would provide all of the capital for AF Double Eagle's purchase of FMG (they had previously agreed to provide only debt financing for the acquisition). Plaintiffs agreed and discontinued discussions with other potential investment partners.

Having obtained all that they needed from Plaintiffs—their confidential information, their contacts with FMG, News Corp. and others, and their know-how in how to re-structure FMG going forward—Defendants stopped communicating with Plaintiffs; and ultimately negotiated the acquisition of FMG for themselves, excluding Plaintiffs.

## III. <u>Legal Standard</u>

The Federal Rules of Civil Procedure require a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8 standard contains "a powerful presumption against rejecting pleadings for failure to state a claim." *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

"'[D]etailed factual allegations'" are not required. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (reaffirming that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely'"; *id.* at 556).

Motions to dismiss for failure to state a claim are "viewed with disfavor in the federal courts." *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). The motion is properly granted only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

The Court is to: (1) construe the complaint in the light most favorable to the

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

1  plaintiff; (2) presume all factual allegations to be true; and (3) draw all reasonable

2  inferences in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-

3  38 (9th Cir. 1996). Ambiguities are resolved in favor of upholding the pleading.

4  *Walling v. Beverly Enterprises*, 476 F.2d 393, 396 (9th Cir. 1973).

5  **IV.   LEGAL ARGUMENT**[1]

6     **A.   The Economic Loss Rule Does Not Apply In This Case**

7        Defendants argue that Plaintiffs' fraud-based claims are barred by the economic

8  loss rule. They are wrong. The economic loss rule, usually applied in product

9  liability cases, "requires a purchaser to recover in contract for purely economic loss

10  due to disappointed expectations, unless he can demonstrate harm above and beyond a

11  broken contractual promise." *Robinson Helicopter Co., Inc. v. Dana Corp.* 34 Cal.

12  4th 979, 988 (2004). It does not bar tort claims where the defendant's allegedly

13  tortious conduct is separate and apart from the alleged breach of contract. *Id.* at 991

14  (holding that the economic loss rule does not bar fraud and intentional

15  misrepresentation claims that are independent of a contract breach).

16        In *Robinson*, the plaintiff—a helicopter manufacturer—brought a breach of

17  contract claim against a supplier of helicopter clutches for failure to provide clutches

18  that complied with the contract specifications. *Id.* at 987. The plaintiff also brought

19  separate fraud claims based on defendant's certificates of compliance that

20  misrepresented how the clutches were manufactured. *Id.* at 990.

21        After the jury awarded compensatory and punitive damages to the plaintiff,

22  defendant appealed, arguing that plaintiff's tort claims were barred by the economic

23  loss rule. *Id.* at 988. The California Supreme Court rejected defendant's argument,

24  holding that "the economic loss rule does not bar [plaintiff's] fraud and intentional

25  misrepresentation claims because they were independent of [defendant's] breach of

26  contract." *Id.* at 991.

27

28  [1] Per paragraph 14 of the Agreement, California law governs.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

162952.2

In so holding, the court rejected defendant's argument that the fraud and misrepresentation claims should be barred by the economic loss rule "in light of the public policy of promoting predictability in contracts in commercial transactions." *Id.* at 992.  The court reasoned that the defendant's argument "proposes to increase the certainty in contractual relationships by encouraging fraudulent conduct at the expense of an innocent party.  No public policy supports such an outcome." *Id.* at 993.[2]

The tort claims here are supported by the holding in *Robinson*.  Defendants breached the Agreement by using Plaintiffs' confidential information, contacts, know-how and expertise to acquire FMG without, and to the exclusion of, Plaintiffs.  (Complaint, ¶ 60.)  They breached the Agreement by continuing to engage in direct communications with representatives from FMG after Plaintiffs had expressly withdrawn their consent for such communications.  (*Id.*)

Defendants' fraud and misrepresentations are separate—making false promises to Plaintiffs regarding their support of Plaintiffs' bid, their willingness to finance that bid, and their agreement to make Foley CEO of FMG after the acquisition.  (Complaint, ¶¶ 67, 92.)

Defendants' tortious conduct would have been actionable even if Defendants had not breached the Agreement and acquired FMG themselves.  Defendants made the false promises with the goal of inducing Plaintiffs to partner with them so they could obtain Plaintiffs' confidential information and access to Plaintiffs' contacts.  That Defendants ultimately followed through and acquired FMG on their own, in violation of the Agreement, separately gives rise to the breach of contract claim.

The holding in *Robinson* has been affirmed by numerous courts.  *See, e.g.,* *Rejects Skate Magazine, Inc. v. Acutrack, Inc.,* 2006 WL 2458759, at *5 (N.D. Cal. Aug. 22, 2006) (holding that "[b]y alleging these torts [negligent or intentional

---

[2] Defendants make the identical argument here, immediately after citing to *Robinson*, which rejected the argument.  (*See* Defendant's Motion, 7:13-19.)

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  misrepresentation], Plaintiffs have alleged violations of duties independent of the

2  contract; therefore, the economic loss doctrine does not apply to those claims"); *Silver*

3  *v. Goldman Sachs Group, Inc.*, 2011 WL 1979241, at *5 (C.D. Cal. May 19, 2011)

4  (denying motion to dismiss plaintiff's claims for promissory fraud and negligent

5  misrepresentation and holding that the claims were not barred by the economic loss

6  rule).

7       The cases cited by Defendants all relate to instances where the alleged tort

8  claims consisted of nothing more than the defendant's failure to perform under the

9  terms of the parties' contract.  None of them involves tortious conduct apart from the

10 contract claim.[3]

11  **B.   Justifiable Reliance Is A Factual Issue To Be Determined By The**

12       **Jury**

13       Plaintiffs pled the specific misrepresentations by Defendants.  (*See* Complaint,

14 ¶ 67.)  Plaintiffs also alleged that "Defendants intended their misrepresentations to

15 induce Plaintiffs to: (1) choose Defendants as their capital investor; (2) perform the

16 due diligence necessary to close the deal; (3) disclose Plaintiffs' confidential

17 information to Defendants; and (4) allow Defendants to engage in direct talks with

18 Fox Mobile, News Corp. and Allen & Company."  (*Id.*, ¶ 69.)

19

20  [3] *See Oracle USA, Inc. v. XL Global Services, Inc.*, 2009 WL 2084154, at *7 (N.D. Cal.
21  July 13, 2009) (applying the economic loss rule in a case involving a dispute over payment
     for services rendered, where the "promissory fraud" was simply defendant's failure to pay
22  under the terms of the contract); *JMP Securities LLP v. Altair Nanotechnologies Inc.*, 880
     F. Supp. 2d 1029, 1042-43 (N.D. Cal. 2012) (applying the economic loss rule where there
23  was no tort separate from the defendant's failure to make good on its contractual promises);
     *Freeman & Mills, Inc. v. Belcher Oil Co.*, 11 Cal. 4th 85, 102 (1995) (case involving the
24  claim of bad faith denial of the existence of a contract in which the court acknowledged that
     tort recovery may still be sought in breach of contract cases where there is an independent
25  duty arising from principle of tort law "other than the bad faith denial of the existence of, or
     liability under, the breached contract"); *Multifamily Captive Group, LLC v. Assurance Risk*
26  *Managers, Inc.*, 629 F. Supp. 2d 1135, 1146 (E.D. Cal. 2009) (held that the
     misrepresentation at the center of plaintiff's claim was "the contract itself" and that "[t]he
27  assurances allegedly made by defendant related to its duty under the contract . . ."); 
     *Barrientos v. CitiMortgage, Inc.*, 2012 WL 5914514, at *1 (N.D. Cal. Nov. 26, 2012)
28  (concluding that the economic loss rule barred tort claims that were premised entirely on the
     allegation that defendant did not make good on its contractual promises).

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

162952.2

Whether or not Plaintiffs' reliance on Defendants' misrepresentations was justifiable or reasonable is a question of fact for the jury. In *Alliance Mortgage Co. v. Rothwell*, 10 Cal. 4th 1226 (1995), the California Supreme Court held that justifiable reliance is almost always a question of fact:

> Except in the rare case where the undisputed facts leave no room for a reasonable difference of opinion, the question of whether a plaintiff's reliance is reasonable is a question of fact.

*Id.* at 1239; *Gray v. Don Miller & Associates, Inc.*, 35 Cal. 3d 498, 503 (1984) (whether reliance is justified is a question of fact).

Defendants do not cite to a single case that challenges this basic premise. Instead, Defendants conflate the issue of justifiable reliance with the scope and enforceability of integration clauses and the admissibility of parol evidence, arguing that Plaintiffs' reliance on their misrepresentations was not justifiable, as a matter of law, because the Agreement contained a clause requiring any additional agreements to be in writing. (*See* Defendants' Motion, 10:11-12:25.) Defendants' arguments have been rejected by California courts.

## 1. California Law Prohibits Using Contract Terms to Create Fraud Immunity

Defendants' argument that the integration clause makes Plaintiffs' reliance on its misrepresentations unjustified as a matter of law would create a bar to fraud claims in any case involving a contract with an integration clause. That is not the law in California.

In *Ron Greenspan Volkswagen, Inc. v. Ford Motor Land Development Corp.*, 32 Cal. App. 4th 985 (1995), a contract dispute arose between two parties over a real estate purchase. *Id.* at 987-89. The agreement contained an integration clause stating that "[n]o express or implied representations, warranties, or inducements have been made by any party to any other party except as set forth in this Agreement." *Id.* at 988-89. Plaintiff alleged fraud based on misrepresentations regarding the appraisal

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400   FAX (310) 552-8400

162952.2

value, the actual value and the existence of other offers. *Id.* at 989. The trial court granted summary judgment, holding that the contract terms precluded justifiable reliance as a matter of law. *Id.*

The Court of Appeal reversed, holding that under California law a contract provision stating that all representations are contained therein does not bar an action for fraud. *Id.* at 992-97; *Danzig v. Jack Grynberg & Associates*, 161 Cal. App. 3d 1128, 1138 (1984) (exculpatory provision cannot immunize party from liability for fraudulent inducement); *Manderville v. PCG & S Group, Inc.*, 146 Cal. App. 4th 1486, 1499 (2007) (integration clause does not preclude justifiable reliance on misrepresentations as a matter of law); *Simmons v. Ratterree Land Co.*, 217 Cal. 201, 204 (1932) (seller cannot escape fraud liability because contract states that it contains all promises and representations inducing buyer to enter into sale); *Blankenheim v. E.F. Hutton & Co.*, 217 Cal. App. 3d 1463, 1471-72 (1990) (Civil Code section 1668 prohibits contracting away fraud liability).

## 2.    Parol Evidence Is Admissible to Prove Fraud

Defendants conflate the issues by arguing that their misrepresentations are inadmissible parol evidence.

First, the misrepresentations that form the basis of Plaintiffs' fraud claims are not statements being offered to counter or interpret the Agreement. They are separate and apart from the parties' obligations under the Agreement. The Agreement was limited to restricting disclosure of confidential information and barring Defendants from circumventing Plaintiffs and stealing their business opportunity. The Agreement did not require Defendants to provide the financing for Plaintiffs' bid to acquire FMG, or to make Aidan Foley CEO of the company post-acquisition. As such, the parol evidence rule is inapplicable.

Second, even assuming, *arguendo*, that the misrepresentations can be considered parol evidence, Defendants' argument on this issue has been squarely rejected by the California Supreme Court. In the *Riverisland* case, the Court held that

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

162952.2

1  "it was never intended that the parol evidence rule should be used as a shield to

2  prevent the proof of fraud." *Riverisland Cold Storage, Inc. v. Fresno-Madera Prod.*

3  *Credit Ass'n*, 55 Cal. 4th 1169, 1180-81 (2013) (internal citation omitted.)  In so

4  ruling, the Supreme Court stated that:

5          [o]ral promises made without the promisor's intention that
           they will be performed could be an effective means of
6          deception if evidence of those fraudulent promises were
           never admissible merely because they were at variance with
7          a subsequent written agreement.

8  *Id.* at 1177 (quoting *Howell v. Oregonian Publishing Co.*, 87 Or. App. 85, 735 P.2d

9  659, 661 (1987)Defendants' argument would effectively reverse *Riverisland*.  The

10 cases cited by Defendants do not support their argument; most do not even involve

11 integration clauses, and those that do predate *Riverisland* and/or are from other

12 jurisdictions.[4]

13 **C.      The Existence Of A Confidential Relationship Is A Question Of Fact**

14 **         For The Jury**

15         Defendants' challenge to the existence of a confidential relationship is not

16 proper on a motion to dismiss because such a determination is a question of fact to be

17 determined by the jury.  In fact, *all three cases* cited by Defendants hold that this issue

18 cannot be decided on a motion to dismiss.  *See Barbara A. v. John G.*, 145 Cal. App.

19

20 [4] *See Phillippe v. Shapell Industries*, 43 Cal. 3d 1247, 1270 (1987) (holding that *licensed* real
21 estate brokers are presumed to know of the specific section of the statute of frauds that
   relates to employment of real estate brokers, and acknowledging that "[w]hether a broker's
22 reliance is reasonable must be determined on the facts of each case."); *Am. Int'l Enters., Inc.
   v. F.D.I.C.*, 3 F.3d 1263, 1270 (9th Cir. 1993) (also limited to licensed real estate brokers'
23 presumed knowledge of the applicable statute of frauds section, relying on *Phillippe*); *Glen
   K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1201 (9th Cir. 2001) ( in making factual
24 determinations on a summary judgment motion, court held that there was no "genuine issue
   of fact" as to whether defendant had "complete and unchecked discretion" to select third-
25 party auditor and that this discretion precluded plaintiff from justifiably relying on alleged
   misrepresentations of the auditor regarding its auditing credentials); *Sussex Fin. Enters., Inc.
26 v. Bayerische Hypo-Und Vereinsbank AG*, 460 F. App'x 709, 712 (9th Cir. 2011) (directly at
   odds with *Riverisland*, holding that plaintiff could not establish necessary elements of a fraud
27 claim because parol evidence inconsistent with an integrated written agreement was
   inadmissible); *MDNet, Inc. v. Pharmacia Corp.*, 147 F. App'x 239, 244-45 (3d Cir. 2005)
28 (Third Circuit case applying Pennsylvania law inconsistent with California law under
   *Riverisland*).

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

13

162952.2

3d 369, 383 (1983) ( "[g]enerally the existence of a confidential relationship is a question of fact for the jury or the trial court"); *Persson v. Smart Inventions, Inc.*, 125 Cal. App. 4th 1141, 1161 (2005) ("[t]he existence of a confidential relationship is a question of fact, and the question is only whether the plaintiff actually reposed such trust and confidence in the other, and whether the other accepted the relationship)" (internal quotation marks omitted)); *City Solutions, Inc. v. Clear Channel Commc'ns, Inc.*, 201 F. Supp. 2d 1048, 1051 (N.D. Cal. 2002) ( "[t]he question of whether an agreement giving rise to a confidential relationship exists is a question of fact").[5]

### D.  Plaintiffs Properly Allege Breaches Of The Agreement

Defendants make the conclusory argument that Plaintiffs do not identify the specific provisions of the Agreement that Defendants breached.  This, too, is wrong.  Paragraph 26 of the Complaint identifies the relevant portions of the agreement, including paragraph 4, which states:

> **Recipient agrees not to circumvent or attempt to circumvent this Agreement in an effort to gain for it, or deny to Discloser, any potential development, investment, acquisition, profits, fees, commissions, remuneration or considerations to the benefit of Discloser which would otherwise be owed to Discloser.  It is the intent of both Parties that Recipients shall not, independent of Discloser, use or take advantage of the Confidential Information, Discloser contacts, Discloser partners, Discloser know-how or expertise developed or disclosed by Discloser to Recipient during the Term of this Agreement.**

(Agreement, ¶ 4 (bold in original).)

The Complaint identifies specific violations of the Agreement in Paragraph 60,

---

[5] Defendants also misrepresent the substantive holding in *City Solutions, Inc.*  The court's conclusion that the confidentiality agreement in *City Solutions, Inc.* did not give rise to a confidential or fiduciary relationship was based on the fact that the agreement expressly rejected the existence of such a relationship, while a comparable agreement entered into by the plaintiff with another entity expressly stated that the agreement *did* give rise to such a relationship. *City Solutions, Inc.*, 201 F. Supp. 2d at 1050.  The Agreement in the present case does include express language creating a confidential relationship: "THEREFORE, the Parties agree to enter into a confidential relationship with respect to the Disclosure to Recipient of certain information."  (Agreement, p. 1.)

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

including Defendants' use of Plaintiffs' confidential information, contacts and know-how in an effort to gain for Defendants, and deny to Plaintiffs, the acquisition of FMG.  These are violations of paragraph 4 of the Agreement.

Paragraph 4 of the Agreement, which is attached to the Complaint, requires Defendants to apprise Plaintiffs of all communications, developments and other matters material to the transaction, and authorizes Plaintiffs to withdraw consent for Defendants to communicate directly with FMG.  Plaintiffs allege that Defendants engaged in direct communications with FMG of which they did not apprise Plaintiffs and that Defendants continued to communicate with FMG after Plaintiffs withdrew consent for such communications.[6]  (*See* Complaint, ¶ 60.)

The fact that Defendants delayed the closing of their acquisition of FMG until *five days* after the expiration of the Agreement does not insulate them from liability.  Plaintiffs have alleged that Defendants began using the confidential information and contacts provided by Plaintiffs in an effort to acquire FMG for themselves well before the expiration of the Agreement.  As such, they violated the Agreement.

If a party to a non-circumvention/non-disclosure agreement could avoid liability by negotiating a deal, and then simply arrange for the deal to close a few days after the agreement expired, non-circumvention agreements would be illusory.   This is a totally self-serving and incorrect argument.

### E.      Jesta Digital, LLC Is A Proper Party

Defendants misstate the allegations in the Complaint to argue that Jesta Digital

---

[6] Defendants cite to no authority suggesting that a party alleging breach of contract must specify different injuries arising from each breach of the contract.  Plaintiffs have specifically alleged that the various breaches of the contract resulted in Plaintiffs losing out on the acquisition of FMG.  *Levy v. State Farm Mutual Auto. Ins. Co.*, 150 Cal. App. 4th 1, 5-6 (2007), simply stands for the proposition that a plaintiff must allege the specific breaches, the link between those breaches and damages.  It does not hold, or even suggest, that a plaintiff must specify how *each* breach individually caused the alleged damages.  Similarly, *Benis v. Sallie Mae, Inc.*, 2011 WL 3714783, at *3 (C.D. Cal. Aug. 24, 2011), requires that a plaintiff allege the specific contractual provisions that were violated and that the plaintiff was damaged as a result of those breaches.  Plaintiffs have met those standards.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

162952.2

1  is not a proper party.  Defendants claim that Jesta Digital was "created after-the-fact"

2  once the "wrongdoing herein occurred." (Defendants' Motion, 17:1-4.)  Plaintiffs

3  make no such allegation.  In fact, Plaintiffs allege that Jesta Group, LLC, not Jesta

4  Digital, was formed in December 2010, after the wrongdoing occurred. (*See*

5  Complaint, ¶ 28.)

6        The Agreement defines Parties as including all "*current* or *future* subsidiaries,

7  affiliates, partners, or related entities." (Agreement, p. 1 (emphasis added).) It

8  appears that Jesta Digital was formed in 2007. (*See* Request for Judicial Notice, Ex.

9  A.) The Agreement was entered into in December 2009.  In any case, Jesta Digital

10  was a "current or future" subsidiary, affiliate, or related entity at the time the

11  Agreement was entered into.

12        The Defendants are playing a shell game with their entities.

13  **F.    Defendants' Motion To Strike Lost Profits Is Improper**

14        **1.    Claims for Damages Cannot Be Stricken Under Rule 12(f)**

15        The Ninth Circuit has held that "Rule 12(f) does not authorize district courts to

16  strike claims for damages on the ground that such claims are precluded as a matter of

17  law." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-75 (9th Cir. 2010); *see*

18  *also In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices,*

19  *and Product Liability Litigation*, 754 F. Supp. 2d 1145, 1194-95 (C.D. Cal. 2010)

20  (holding that Rule 12(f) does not provide proper grounds to strike a request for relief).

21        Defendants do not cite to a single case in which a form of relief was stricken

22  under Rule 12(f) based on the argument that such relief was not recoverable as a

23  matter of law.[7]

24  _____

25  [7] In *Vestar*, the Court affirmed the dismissal of a breach of contract cause of action under
26  Federal Rule of Civil Procedure 12(b)(6) relating to an agreement to negotiate because the
   only relief sought, lost future profits, was too speculative to support the underlying cause of
27  action. *Vestar Dev. II, LLC v. General Dynamics Corp.*, 249 F.3d 958, 962 (9th Cir. 2001).
   *California Shoppers* involved an appeal from a jury verdict and a denial of a judgment
28  notwithstanding the verdict. *California Shoppers, Inc. v. Royal Globe Ins. Co.*, 175 Cal.
   App. 3d 1, 15 (1985).  The court based its decision on that fact that "there was no dispute in
   the direct (Evid. Code § 410) evidence presented at the trial . . . ."  The ruling was not made

162952.2

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

### 2.    Dismissing a Request for Relief Is Improper Under Rule 12(b)(6)

Under Rule 12(b)(6), a request for dismissal of a specific form of relief is improper.  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may only be granted if the moving party demonstrates that the complaint "fail[s] to state a *claim* upon which relief can be granted."  Fed. R. Civ. Proc. 12(b)(6) (emphasis added).

A complaint should not be dismissed if it states a claim under any legal theory. *Haddock v. Bd. of Dental Examiners of California*, 777 F.2d 462, 464 (9th Cir. 1985). A Rule 12(b)(6) motion "will not be granted merely because [a] plaintiff requests a remedy to which he or she is not entitled."  *Massey v. Banning Unified School Dist.*, 256 F. Supp. 2d 1090, 1092 (C.D. Cal. 2003).

"[I]t need not appear that the plaintiff can obtain the *specific* relief demanded as long as the court can ascertain from the face of the complaint that *some* relief can be granted."  *Doe v. U.S. Dept. of Justice,* 753 F.2d 1092, 1104 (D.C. Cir. 1985); *see also Doss v. South Cent. Bell Telephone Co.,* 834 F.2d 421, 425 (5th Cir. 1987) (demand for improper remedy not fatal if claim shows plaintiff is entitled to different form of relief); *Schwartz v. Eaton*, 264 F.2d 195, 197 (2d Cir. 1959) ("[f]rom every angle the district court's action in attempting to dismiss a part of plaintiff's legal theories appears a nullity").

Defendants are not entitled to seek dismissal of a remedy prayed for in the Complaint.  Defendants would only be entitled to dismissal under Rule 12(b)(6) if they could show that Plaintiffs are not entitled to any relief on a particular claim.  *See Rodriguez v. Serv. Employees Int'l*, 755 F. Supp. 2d 1033, 1054 (2010) (denying motion to dismiss under Rule 12(b)(6) where "Defendant has not shown that Plaintiffs

---

as a matter of law, but after consideration of the evidence, and was not based on a Rule 12(f) motion.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  could not be afforded some form of relief, even if the specific relief requested in the
2  FAC is not available").

### G.    Disgorgement Of Profits Is Recoverable For Breach Of This Agreement

Because of the unique nature of confidentiality and non-circumvention agreements, California law allows the injured party to seek disgorgement of profits as a remedy. *See Foster Poultry Farms, Inc. v. SunTrust Bank*, 377 F. App'x 665, 668-69 (9th Cir. 2010) (awarding plaintiff disgorgement of defendant's profits for breach of a confidentiality agreement); *Ajaxo Inc. v. E*Trade Group, Inc.*, 135 Cal. App. 4th 21, 56-57 (2005) (finding that where ordinary contract damages are not adequate to compensate the injured party for breach of a non-circumvention agreement, restitution, in the form of disgorgement of defendant's profits, is available as a proper measure of recovery).

Defendants assert that "the overwhelming majority of the over $100 million in damages requested by Foley is based on lost profits, which are not available as a matter of law." (Defendants' Motion, 17:20-21.)  They likewise assert, without support, that Plaintiffs' damages for their fraud-based claims "must be based on a theory of lost profits." (Defendants' Motion, 19:3-10.)  The Complaint properly, under governing case law, seeks disgorgement of profits as a remedy, alleging that Defendants have been unjustly enriched as a result of their actions in an amount in excess of $100,000,000.  (Complaint, ¶ 62.)

The one case cited by Defendants with respect to lost profits is inapplicable. *Vestar Dev. II, LLC v. General Dynamics Corp.*, 249 F.3d 958 (9th Cir. 2001), dealt with a breach of a contract to negotiate in good faith the sale of property, where the plaintiff's only prayer for relief was the lost future profits it had hoped to earn if the defendant had negotiated in good faith. *Id.* at 962.  It did not deal with breach of a confidentiality or non-circumvention agreement, nor did it address the ability of a plaintiff to seek disgorgement of profits.

Miller Barondess, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL:(310) 552-4400  FAX:(310) 552-8400

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

162952.2

1

## H.    Lost Profits Are Recoverable For Fraud

Moreover, under California law, lost profits are recoverable in an action for fraud. *Stout v. Turney*, 22 Cal. 3d 718, 729 (1978) (allowing plaintiffs to recover lost future profits where defendant's misrepresentations prevented plaintiffs from realizing those profits); *Mann v. Jackson*, 141 Cal. App. 2d 6, 12 (1956) (holding that "[i]t is well established that damages may be awarded for loss of profits where such profits can be shown with a reasonable degree of certainty, whether the action be for tort for breach of contract").

Plaintiffs pled the specific fraudulent acts by Defendants. (*See* Complaint, ¶ 67.) Plaintiffs further pled that they were negotiating with investment partners other than Defendants prior to committing to Defendants. (*Id.*, ¶¶ 3-4, 37.) Plaintiffs also pled that as a result of Defendants' fraudulent acts, Plaintiffs chose to proceed with Defendants, rather than the other investors with whom Plaintiffs had been dealing. (*Id.*, ¶ 72.)

Had Plaintiffs not relied on Defendants' misrepresentations, they could have acquired FMG by working with one of the other investment partners. Whether Plaintiffs are able to establish with a reasonable degree of certainty the profits they would have realized had they gone forward with another investment partner is a question of fact, not a question of law amenable to determination on a motion to dismiss.[8]

The only case cited by Defendants does not support its position. *California Shoppers, Inc. v. Royal Globe Ins. Co.*, 175 Cal. App. 3d 1 (1985), was determined on a judgment notwithstanding the verdict—not on a motion to dismiss or a motion to

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL:(310) 552-4400    FAX:(310) 552-8400

---

[8] FMG is an ongoing business. As a result, there is an operating experience sufficient to permit a reasonable estimate of probable income and expense, making it more likely that Plaintiffs can establish lost profits with a reasonable degree of certainty. *See, e.g., Lucky Auto Supply v. Turner*, 244 Cal. App. 2d 872, 882 (1966) (holding that "[i]t is well established in California, moreover, that such damages [resulting from commission of a tort] may include loss of anticipated profits where an established business has been injured" (quoting *Natural Soda Products Co. v. City of Los Angeles*, 23 Cal. 2d 193, 199 (1943)).

162952.2

1  strike—after the court heard all of the evidence.   In holding that the lost profits

2  sought by plaintiff were too speculative, the court specifically addressed plaintiff's

3  failure to submit evidence in support of its lost profits theory:

> *In the case here, California Shoppers offered no probative*
> *data of a mathematical nature, or otherwise, as to how its*
> *profits would have been generated if the business assets had*
> *not been sold when they were.*  No financial documents
> reflecting its profit and loss history or its profit projections
> were presented.  California Shoppers also failed to present
> any expert analysis with respect to its future profit potential
> or other pertinent factors relating to its particular industry
> and relevant economic trends impacting on either the
> company or that industry.

10  *Id.* at 62.

## V.   **CONCLUSION**

12        For the reasons set forth above, Plaintiffs respectfully request that the Court

13  deny Defendants' Motion to Dismiss.

15  DATED:  September 16, 2013            Respectfully submitted,

16                                       MILLER BARONDESS, LLP

18                                       By: /s/ Daniel S. Miller
                                             Daniel S. Miller

19                                       Attorneys for Plaintiff
20                                       AIDAN FOLEY and AF
                                         DOUBLE EAGLE. INC.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

162952.2

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 16, 2013, a copy of the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's EM/ECF system.


/s/ Daniel S. Miller

Attorneys for Attorneys for Plaintiffs
Aiden Foley and AF Double Eagle, Inc.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

CERTIFICATE OF SERVICE
162952.2