1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA,

WESTERN DIVISION

13

AIDAN FOLEY, an individual; AF
DOUBLE EAGLE, INC., a California
corporation,

14

15

                    Plaintiffs,

16

          vs.

17

ELLIOT AINTABI, an individual;
JASON AINTABI, an individual;
JESTA DIGITAL, LLC, and Delaware
limited liability company; and DOES 1
through 10, inclusive,

18

19

20

                    Defendants.

21
22
23

CASE NO. 13-CV-03691-DSF-SSx

**ORDER GOVERNING
PRODUCTION AND EXCHANGE
OF CONFIDENTIAL
INFORMATION**

24
25
26
27
28

After consideration of the terms of the Amended Stipulation Regarding the Production and Exchange of Confidential Information (the "Stipulation"), and good cause appearing therefore,

IT IS HEREBY ORDERED that:

1.   <u>GOOD CAUSE STATEMENT</u>:  The Parties will be producing confidential, sensitive information that could cause business, competitive, and personal harm if disclosed publicly.  For example, the Parties will be producing annual reports of and operating plans for non-public companies, which if they were to become public would provide nonpublic, confidential financial information to the market and competitors and would put the producing party at a competitive disadvantage.  The Parties will also be producing private information about individuals, including their addresses, personal identifying information, income, and investments, which if it were to become public, would facilitate identity theft.  The Parties will be producing information reflecting their negotiating positions and business negotiation strategies that would put them at a competitive disadvantage were it to be publicly disclosed.  The Parties will also be producing portions of personnel files, including employment agreements and records showing salaries and bonuses, of both Parties and non-parties, which implicate privacy rights and could harm individuals in future compensation negotiations.  The Parties seek to protect their CONFIDENTIAL INFORMATION from disclosure to avoid the harms described above, and others, and have stipulated to protect limited categories of information from public disclosure.  The Parties shall, pursuant to Paragraph 9 below, provide a particularized showing of good cause for each document or piece of information that they seek to seal in a filing with the Court.

2.   <u>Scope of Order</u>:  This Order is entered to facilitate the production, exchange, and discovery of documents and information that merit confidential treatment.

(a)    "CONFIDENTIAL INFORMATION" shall mean documents and information that, in the good-faith judgment of the party designating the materials as confidential, contain or reveal confidential trade secrets, proprietary business information, non-public personal, client or customer information.

3.    <u>Disclosure Prohibited</u>:  CONFIDENTIAL INFORMATION or the substance or context thereof, including any notes, memoranda, or other similar documents relating thereto or derived therefrom, shall not be disclosed or summarized, either in writing or orally, by a receiving party to anyone other than persons permitted to have access to such information under this Order.

4.    <u>Designating Confidential Material</u>:  The Parties and any non-parties may designate information or documents as CONFIDENTIAL INFORMATION, either by notation on the document, statement on the record of the deposition, or written notice to the counsel for the Parties.  Materials designated as CONFIDENTIAL INFORMATION pursuant to this Order shall be designated and marked as follows:

(a)    <u>Documents or TIFF Images</u>:  Documents or TIFF images may be designated as CONFIDENTIAL INFORMATION by placing the legend "CONFIDENTIAL," or an equivalent thereof, on any such document or image. Unless the Parties otherwise agree, such legend shall be placed upon every page of each document or image containing CONFIDENTIAL INFORMATION. Notwithstanding the foregoing, Excel documents or any other type of electronically stored information produced in native format (together, "Natively Produced ESI") containing CONFIDENTIAL INFORMATION shall be designated by (i) producing a TIFF placeholder image corresponding to the Natively Produced ESI that includes the "CONFIDENTIAL" mark and (ii) including "CONFIDENTIAL" in the file name of the Natively Produced ESI.

(b)    <u>Non-Paper Media</u>:  Where CONFIDENTIAL INFORMATION or is produced in a non-paper medium (e.g., video tape, audio tape, computer disks,

1  etc.) that does not include TIFF images, the appropriate confidentiality notice should

2  be placed on the medium, if possible, and its container, if any.

3        (c)    <u>Physical Exhibits</u>:  The confidential status of a physical exhibit

4  shall be indicated by placing a label on said physical exhibit.

5        (d)    <u>Written Discovery</u>:  In the case of CONFIDENTIAL

6  INFORMATION incorporated in answers to interrogatories, responses to requests

7  for admission, or other written discovery, the appropriate confidentiality designation

8  shall be placed on the first page of the document and on each page containing

9  answers or responses that contain CONFIDENTIAL INFORMATION.

10        (e)    <u>Depositions</u>:  The designating party shall make reasonable efforts

11  to designate as "CONFIDENTIAL" those specific portions of a deposition transcript

12  that contain CONFIDENTIAL INFORMATION.  The entire transcript of a

13  deposition shall be treated as CONFIDENTIAL INFORMATION until thirty (30)

14  days after receipt of the deposition transcript by counsel for the witness, unless, at

15  the deposition and on the record, or in writing before the thirty (30) days have

16  expired, the witness, his or her current or former employer, or their counsel

17  designates those portions of the deposition transcript as "CONFIDENTIAL."  The

18  notice shall be sent to any person known to have a copy of the transcript and shall

19  reference this Order and identify the pages and lines so designated.

20       5.    <u>Inadvertent Non-Designation</u>:  The failure to designate

21  CONFIDENTIAL INFORMATION as "CONFIDENTIAL" before or at the time of

22  disclosure shall not operate as a waiver of a disclosing party's right to designate

23  such information as "CONFIDENTIAL."  If a disclosing party discovers that it

24  produced CONFIDENTIAL INFORMATION that was not designated as

25  "CONFIDENTIAL," the disclosing party may promptly notify the receiving party or

26  parties, in writing, of the error and identify (by production Bates number) the

27  affected material and its new designation.  Promptly after providing such notice, the

28  disclosing party shall provide re-labeled copies of the material to each receiving

party reflecting the new designation.  The receiving party or parties will replace the inadvertently non-designated material with the newly designated material and will make reasonable efforts to destroy the originally non-designated material.  In the event the receiving party receives subsequent notice that the information is designated as "CONFIDENTIAL," the receiving party shall either make reasonable efforts to promptly retrieve the information or shall promptly notify the disclosing party of the distribution and the identity of the person who received the information.

6.   <u>Challenging Designation of Materials</u>:  Any receiving party may, in good faith, challenge the designation of any document or information as "CONFIDENTIAL," by notifying the designating party in writing and identifying the challenged material by production Bates number or deposition page and line number.  The designating party shall bear the burden of supporting the designation. Information designated "CONFIDENTIAL" by a designating party shall be treated as such by a receiving party unless otherwise agreed to by the designating party or otherwise ordered by the Court.

The failure of a receiving party expressly to challenge the designation of any document or information as "CONFIDENTIAL" at the time of disclosure shall not constitute a waiver of the right to challenge the designation at any subsequent time.

7.   <u>Access to CONFIDENTIAL INFORMATION</u>:  Subject to any other written agreement among or between the Parties, a receiving party may access or use discovery material that is disclosed or produced by a disclosing party only in connection with the prosecution of, defense of, appeal of, attempted settlement of, or the enforcement of insurance rights with respect to, the Action.  CONFIDENTIAL INFORMATION may be disclosed only to the categories of persons below and under the conditions described in this Order:

(a)   the Parties to the Action and their counsel, including both in-house and outside counsel, and including counsel's support staff and outside service

1 organizations, as well as current officers, directors and employees of corporate

2 Parties;

3         (b)    former officers, directors, and employees of corporate Parties;

4         (c)    witnesses and prospective witnesses of a Party who have a need

5 to know the information to assist counsel in connection with the Action;

6         (d)    the Parties' insurers, including the insurers' support staff and

7 service organizations;

8         (e)    court reporters taking testimony and deposition videographers

9 recording testimony and their support personnel;

10         (f)    the Court and any authorized court personnel;

11         (g)    independent consultants or experts retained by counsel for

12 assistance with respect to the Action;

13         (h)    deposition witnesses and participants;

14         (i)    any mediator or arbitrator engaged by the Parties to the Action;

15 and

16         (j)    any individual who either prepared a document that has been

17 designated as "CONFIDENTIAL" or who is identified on the face of such document

18 as a recipient of the document through means other than the discovery process in the

19 Action

20     8.    <u>Execution of Confidentiality Agreement</u>:  Prior to disclosure of

21 CONFIDENTIAL INFORMATION to persons described in Paragraphs 6(b), (c),

22 (d), and (g) such person shall be shown a copy of this Order and shall sign an

23 agreement in the form attached hereto as Exhibit A agreeing to be bound by this

24 Order.

25     9.    <u>Filing Under Seal</u>:  When a Party seeks to file with the Court any

26 papers that contain or reference CONFIDENTIAL INFORMATION of any other

27 designating party, the filing Party shall provide the designating party with written

28 notice of its intent to file the designated information no less than five (5) days prior

to the planned filing.  If the designating party objects to the public filing of the designated information, it must file an application to file under seal, pursuant to Central District of California Local Rule 79-5.1 and paragraph 6 of Judge Fischer's Standing Order, showing good cause, beyond this Order, why its CONFIDENTIAL INFORMATION should be sealed.  The filing party must file the CONFIDENTIAL INFORMATION in its filing conditionally under seal, pending a ruling from the Court on the designating party's application to seal, and also file a public version with all CONFIDENTIAL INFORMATION redacted.

10.   Copies of Confidential Materials:  Nothing herein shall restrict a qualified recipient from making working copies, abstracts, digests, and analyses of CONFIDENTIAL INFORMATION for use in connection with the Action, and such materials shall be deemed to have the same level of protection as other CONFIDENTIAL INFORMATION.

11.   Inadvertent Disclosure by a Receiving Party:  Should any document or information designated as "CONFIDENTIAL" be disclosed, through inadvertence or otherwise, to any person not authorized under this Order, then the Party responsible for the inadvertent disclosure shall make reasonable best efforts to bind such person to the terms of this Order; and shall, as soon as practicable, but in any event, not longer than two (2) business days after discovery by counsel of record of the disclosure, (a) inform such person of all the provisions of this Order; (b) request such person to sign the agreement attached hereto as Exhibit A; (c) request such person to return all copies of the CONFIDENTIAL INFORMATION; and (d) notify the designating party in writing of the unauthorized disclosure and the identity of such person.

12.   No Waiver of Privilege and Clawback Rights:  The production of documents by a producing party shall, to the maximum extent permitted by law, be governed by Federal Rule of Civil Procedure 26(b)(5) and Federal Rule of Evidence 502 regarding the inadvertent production of material protected by the attorney-client

privilege, the work product doctrine, or any other privilege or protection from disclosure recognized under applicable law. A party's inadvertent disclosure in connection with the Action of information that the disclosing party believes is protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from discovery shall not constitute a waiver with respect to such privilege or immunity.

(a) <u>Notification by the Disclosing Party</u>: In the event of an inadvertent disclosure of allegedly privileged information, the disclosing party may provide notice in writing to the receiving party or parties advising of the inadvertent disclosure, requesting return of the allegedly privileged information, and asserting the basis of the clawback request. Upon such notice, the receiving party or parties shall make no further use of the allegedly privileged information, shall immediately segregate the information in a manner that will prevent any further disclosure or dissemination, and shall take reasonable steps to retrieve the information to the extent it was disclosed or disseminated prior to receipt of the notice. Within ten (10) calendar days of receiving the notice of inadvertent disclosure, the receiving party shall return all allegedly privileged information in its possession, custody, or control, or shall provide written confirmation that such information has been deleted.

(b) <u>Notification by the Receiving Party</u>: In the event a receiving party receives information that appears on its face to be subject to the attorney-client privilege, the work product doctrine, or any other privilege or immunity from discovery, the receiving party shall refrain from reviewing the information any more than is essential to ascertain that the information is privileged, and shall immediately notify the disclosing party in writing that he or she possesses information that appears on its face to be privileged. The disclosing party shall then have twenty (20) calendar days after receiving the notice to request the return of the information. If the disclosing party requests return of the information, the receiving party shall

1   immediately return the information to the disclosing party and destroy any other

2   copies, and confirm the return and destruction of the materials in writing.

3            (c)    Disputes:  The return of any discovery material to the disclosing

4   party shall not in any way preclude the receiving party from asking the Court for a

5   ruling that the disclosed information was never privileged or otherwise immune

6   from discovery; however, the receiving party may not assert as a basis for the relief

7   it seeks the fact or circumstance that such allegedly privileged documents were

8   inadvertently produced in the Action.  In the event there is a dispute over whether

9   the information at issue is protected from disclosure by virtue of a privilege or

10  immunity from discovery, counsel shall undertake reasonable, good-faith efforts to

11  resolve the issue without intervention from the Court pursuant to Central District of

12  California Local Rule 37-1.  To the extent counsel cannot resolve the issue, they will

13  submit a joint stipulation to the Court that complies with the requirements set forth

14  in Central District of California Local Rule 37-1.  The party asserting the privilege

15  shall bear the burden of persuasion with respect to the applicability of the privilege.

16  Allegedly privileged documents shall remain protected against disclosure and use

17  during the pendency of any dispute over their status.

18          13.    No Application to Information Available Publicly or Otherwise:  The

19  restrictions and obligations set forth herein relating to information designated

20  "CONFIDENTIAL" shall not apply to any information that:  (a) the designating

21  party agrees, or the Court rules, is already public knowledge; (b) the designating

22  party agrees, or the Court rules, has become public knowledge other than as a result

23  of disclosure by a receiving party in violation of this Order; or (c) has come or shall

24  come into a receiving party's legitimate possession independently of the designating

25  party.  Nothing herein shall be deemed to prohibit discussions with any person of

26  any information designated "CONFIDENTIAL" if that person already has or obtains

27  legitimate possession thereof from a source other than the disclosing party.

28

14.    Court Proceedings:  The Parties will confer and attempt to agree before trial or hearings on the procedures under which CONFIDENTIAL INFORMATION may be used at trial or hearings.  If agreement is reached, or if the Court enters an order establishing the procedures, the Parties shall give notice of the terms of the agreement or of the order to each non-party who produced CONFIDENTIAL INFORMATION that might be used or introduced at trial.

15.    Conclusion of Litigation:  Unless the undersigned counsel agree otherwise in writing, within sixty (60) calendar days after the final conclusion of all aspects of the Action by judgment not subject to further appeal or by settlement, each Party shall take reasonable efforts to see that all CONFIDENTIAL INFORMATION has been returned or destroyed.  Notwithstanding the foregoing, as to those materials containing CONFIDENTIAL INFORMATION that (a) constitute counsel's work product related to the Action, (b) were filed with the Court and/or marked as trial exhibits or (c) constitute deposition transcripts and exhibits, counsel may retain such materials if such counsel otherwise comply with this Order with respect to such retained material.

16.    Subpoenas in Other Actions:  In the event any person or receiving party having possession, custody, or control of any CONFIDENTIAL INFORMATION produced in the Action receives a subpoena or other process or order to produce such information, such subpoenaed person or entity shall promptly notify by e-mail the attorneys of record of the designating party and shall furnish those attorneys with a copy of said subpoena or other process or order.  The receiving party shall not produce the requested CONFIDENTIAL INFORMATION unless and until a court of competent jurisdiction so directs, except if the designating party (a) consents, or (b) fails to file a motion to quash or fails to notify the receiving party in writing of its intention to contest the production of the CONFIDENTIAL INFORMATION prior to the date designated for production of the subpoenaed information, in which event the receiving party may produce on the designated

production date, but no earlier.  The designating party asserting the confidential treatment shall have the burden of defending against such subpoena, process, or order.  The person or Party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the designating party asserting the confidential treatment is successful in obtaining an order modifying or quashing it.

17.   <u>Continuing Jurisdiction</u>:  The Court retains jurisdiction even after termination of the Action to enforce this Order and to make such amendments, modifications, deletions, and additions to this Order as the Court may from time to time deem appropriate.

For Good Cause Shown,

IT IS SO ORDERED.

Dated:  October 30. 2013

_____
/s/
Suzanne H. Segal
United States Magistrate Judge

# Exhibit A

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Harry A. Olivar, Jr. (Bar No. 143089)
2      harryolivar@quinnemanuel.com
     Rachael L. McCracken (Bar No. 252660)
3      rachaelmccracken@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
4  Los Angeles, California  90017-2543
   Telephone:   (213) 443-3000
5  Facsimile:   (213) 443-3100

6    Marc L. Greenwald (Bar No. 176072)
     marcgreenwald@quinnemanuel.com
7  51 Madison Avenue, 22nd Floor
   New York, New York  10010
8  Telephone:   (212) 849-7000
   Facsimile:   (212) 849-7100

9
   Attorneys for Defendants Elliott Aintabi, Jason Aintabi,
10 and Jesta Digital, LLC

11                      UNITED STATES DISTRICT COURT

12                      CENTRAL DISTRICT OF CALIFORNIA,

13                              WESTERN DIVISION

14

15
   AIDAN FOLEY, an individual; AF          CASE NO. 13-CV-03691-DSF-SSx
16 DOUBLE EAGLE, INC., a California
   corporation,
17                                         **AGREEMENT TO RESPECT**
   Plaintiffs,                             **CONFIDENTIAL INFORMATION**
18
   vs.
19
   ELLIOT AINTABI, an individual;
20 JASON AINTABI, an individual;
   JESTA DIGITAL, LLC, and Delaware
21 limited liability company; and DOES 1
   through 10, inclusive,
22
   Defendants.
23

24

25

26

27

28

**AGREEMENT TO RESPECT CONFIDENTIAL INFORMATION**

I,_____, state that:

      1.    My address is _____.

      2.    My present employer is _____.

      3.    My present occupation or job description is _____.

      4.    I have received a copy of the Order for the Production and Exchange of Confidential Information (the "Order") entered in the Action on _____.

      5.    I have carefully read and understand the provisions of the Order.

      6.    I will comply with all of the provisions of the Order.

      7.    I will hold in confidence, will not disclose to any one not qualified under the Order, and will use only for purposes of the Action, any CONFIDENTIAL INFORMATION that is disclosed to me.

      8.    Within sixty (60) days after conclusion of the Action, or as otherwise agreed, I will return all CONFIDENTIAL INFORMATION that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the Party by whom I am employed or retained, or to counsel from whom I received the CONFIDENTIAL INFORMATION.

      9.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Order in the Action.


Dated: _____, 2013        _____