UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 13–3691 DSF (SSx) | Date | 11/6/13 |
| Title | Aidan Foley, et al. v. Elliot Aintabi, et al. | | |

| | |
|---|---|
| Present: The Honorable | DALE S. FISCHER, United States District Judge |

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING IN PART AND DENYING IN PART Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. No. 33) and GRANTING IN PART AND DENYING IN PART Defendants' Motion to Dismiss (Doc. No. 11)

    Plaintiffs Aidan Foley and AF Double Eagle, Inc. (Double Eagle) bring breach of contract and fraud-based claims against Defendants for allegedly usurping Plaintiffs' opportunity to acquire Fox Mobile Group (Fox Mobile). Defendants move to dismiss, and Plaintiffs move for leave to amend to join additional defendants.

### I. BACKGROUND

#### A. Procedural Background

    Plaintiffs initially filed their complaint against Elliot Aintabi, Jason Aintabi, and Jesta Digital, LLC (Original Defendants) in federal court. This Court dismissed Plaintiffs' complaint because Plaintiffs failed to identify the citizenship of Jesta Digital's members. Plaintiffs re-filed in Superior Court. The Original Defendants removed the case, and disclosed a number of entities "affiliated" with Jesta Digital. Plaintiffs now seek to add these entities as defendants in place of the Doe defendants. Two of the proposed new defendants are California citizens and, if added, would destroy diversity jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

### B.   Factual Background[1]

In October 2009, personnel from Fox Mobile (a division of News Corporation, now 21st Century Fox) contacted Foley about the possibility of Foley acquiring it. (Compl.[2] ¶ 23.) The sale was confidential. (Id.) Foley, on behalf of Double Eagle, executed a non-disclosure agreement with Fox Mobile and began looking for potential investors. (Compl. ¶ 24.) In December 2009, Foley met Jason Aintabi. (Compl. ¶ 25.) They discussed the sale and the possibility of Jason and Elliot Aintabi providing capital. (Id.) According to Plaintiffs, Aintabi agreed to provide capital for the acquisition. (Id.) Double Eagle and Jesta Group entered into a Confidentiality and Non-Circumvention Agreement (Agreement). (Compl. ¶ 26; Exh. A "Agreement"[3].) Jesta Group was not a legally formed or legally existing entity at the time the parties entered into the Agreement. (Compl. ¶ 6.)

The Agreement contains a number of provisions describing whom it binds. It defines the "parties" as including not only the signatories, but also "any of their respective current or future subsidiaries, affiliates, partners, or related entities." (Agreement at p. 1.) The Agreement is also binding on Jesta Group's "representatives," including Jesta Group's "directors, officers, employees, agents, partners, affiliates, and financial, legal and other advisors." (Agreement ¶ 1.) Under the non-circumvention clause, Jesta Group agreed to "abstain from circumventing the intent and terms of this Agreement by means or use of affiliates, subsidiaries, individuals, or any other entities or Representatives to which the benefits may run to [Jesta Group] indirectly. . ." (Agreement ¶ 4.) Under the "successors and assigns" clause "each party's obligations hereunder shall be binding on the representatives, assigns, and successors of such party and shall insure to the benefit of the assigns and successors of such party. . . ." (Agreement ¶ 13.)

---

[1] The Court takes judicial notice of the corporate filings (certificates of amendments for name change) attached as Exhibits A-D to the Declaration of Judah Bendayan (Doc. Nos. 38, 39); the Fox News Corp. Form 11-K filed with the Securities and Exchange Commission (Doc. No. 13); and the California Secretary of State filing for Jesta Digital, LLC (Doc. No. 33), as matters of public record. See Fed. R. Evid. 201.

[2] "Compl." refers to the Complaint filed in Superior Court on April 22, 2013 and removed to this Court. First Amended Complaint or FAC refers to the revised proposed First Amended Complaint attached as Exhibit E to the Supplemental Declaration of Gene Williams in Support of Plaintiffs' Motion for Leave to Amend Complaint (Doc. No. 42-1).

[3] The Agreement refers to a "Schedule A," but no such schedule is attached.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

Plaintiffs allege Defendants breached the Agreement and engaged in fraudulent conduct by cutting Foley and Double Eagle out of the deal and themselves purchasing Fox Mobile. (Compl. ¶ 52.) Plaintiffs bring claims for: (1) breach of contract; (2) promissory fraud; (3) concealment; (4) intentional misrepresentation; (5) constructive fraud; and (6) aiding and abetting fraud. Plaintiffs seek to add the proposed new defendants to their breach of contract and aiding and abetting fraud claims. Specifically, Plaintiffs seek to add Jesta Digital Holdings, Inc.,[4] Jesta Capital, Inc., Jesta Group, LLC,[5] Jesta Digital Entertainment, Inc., Jesta Digital North America, Inc., Jesta Digital Studios, LLC, Aldine Productions, LLC, Seedling Productions, LLC, and Clairvot S.A.[6] Clairvot, S.A. is a Luxembourg corporation, and Plaintiffs have been unable to determine its principal place of business. (FAC ¶ 32.) Jesta Entertainment and Jesta NA are alleged to have their principal places of business in California. (FAC ¶¶ 27, 29.) Defendants do not dispute this. The remaining proposed new defendants would not affect diversity jurisdiction.

Plaintiffs allege that the proposed new defendants are liable under the Agreement as subsidiaries, partners, or related entities to Jesta Group. (FAC ¶ 13). Plaintiffs also make allegations against the proposed new defendants in their aiding and abetting fraud claim, including:

- The entities that make up "Jesta Group," including Jesta Digital, Jesta Holdings, Jesta Capital, Jesta Group, LLC, Jesta Entertainment, Jesta NA, Jesta Studios, Aldine and Seedling are owned and controlled by Elliot Aintabi and Jason Aintabi, and the Aintabis acted by and through these entities. As such, each of these entities is charged with

---

[4] The caption of the proposed First Amended Complaint identifies "Jesta Digital Holdings, Inc.," as a named defendant, but the body of the First Amended Complaint describes Jesta Digital Holdings, as a Delaware limited liability company. (Supplemental Declaration of Gene Williams in Support of Plaintiffs' Motion for Leave to Amend Complaint at Exh. E (revised proposed First Amended Complaint (FAC) ¶ 22.)

[5] Plaintiffs' Motion for Leave to Amend identifies "Jesta Group, USA" as a new defendant, but it is not named in the FAC. According to Defendants, Jesta Group, USA is a trade name used by Jason and Elliot Aintabi. (Declaration of Judah Bendayan ("Bendayan Decl." at ¶ 10.) It appears that Plaintiffs, instead, intended to identify "Jesta Group, LLC" as a new proposed defendant. (FAC ¶ 26.)

[6] Although not named in Plaintiffs' Motion, the parties have stipulated to include Clairvot as an additional defendant if the Court grants leave to amend. (Pls.' Reply at 8.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

knowledge of the fraudulent scheme to acquire Fox Mobile without Plaintiffs' participation. (FAC ¶ 124.)

- Jesta Digital, Jesta Holdings, Jesta Capital, Jesta Group, LLC, Jesta Entertainment, Jesta NA, Jesta Studios, Aldine, Seedling and Clairvot actively participated in the fraud and/or substantially assisted it. Specifically, on information and belief the Aintabis used Jesta Holdings, Clairvot, and Jesta Digital as the entities to acquire Fox Mobile for themselves, and used Jesta Capital to finance the acquisition; and Jesta Digital now owns Fox Mobile so it obtained the benefits of the fraud. Jesta Holdings is the sole member of Jesta Digital, and as such provided substantial assistance to the fraudulent scheme by causing Jesta Digital to be used as the entity to acquire Fox Mobile. Jesta Group, LLC, Jesta Entertainment, Jesta NA, Jesta Studios, Aldine and Seedling each assisted in facilitating the fraudulent scheme to acquire Fox Mobile. (FAC ¶ 125.)

In Opposition, Defendants provide evidence that five of the proposed new defendants – Jesta Digital Entertainment, Inc., Jesta Digital North America, Inc., Jesta Digital Studios, Inc., Aldine Productions, Inc., and Seedling Productions, LLC (along with Original Defendant Jesta Digital, LLC) – are all entities acquired from News Corporation as part of the Fox Mobile transaction and that none of them had any connection with the Aintabis at the time of their alleged fraud and breach of contract. (Bendayan Decl. ¶¶ 2-7.[7]) Defendants further argue that amending the Complaint to join the other proposed new defendants - Jesta Capital, Inc., Jesta Holdings, Inc., Jesta Group LLC, and Clairvot, S.A. – is futile for the reasons stated in their motion to dismiss.

### II. LEGAL STANDARD

### A. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "leave to amend shall be freely given when justice so requires." "[T]his mandate is to be heeded." Foman v. Davis, 371 U.S. 178, 182 (1962) (internal quotation marks and citation omitted). This rule should be interpreted and applied with "extreme liberality," Roth v. Garcia Marquez, 942 F.2d 617, 628 (9th Cir. 1991), and leave to amend "should be

---

[7] No objection was raised to the Declaration or exhibits.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." Yakama Indian Nation v. State of Wash. Dep't of Revenue, 176 F.3d 1241, 1246 (9th Cir. 1999) (internal quotation marks omitted); see also Foman, 371 U.S. at 182 (identifying these factors). Prejudice is the most important factor. Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original) (citation omitted). Therefore, the non-moving party bears the burden of establishing why the motion should not be granted. See Senza-Gel Corp. v. Seiffhart, 803 F.2d 661, 666 (Fed. Cir. 1986) (applying Ninth Circuit law).

However, if after removal the plaintiff seeks to add defendants whose presence would destroy subject matter jurisdiction, the court has discretion to deny joinder, or permit joinder and remand the action. 28 U.S.C. § 1447(e). In determining whether to permit joinder, courts take into account the following factors: (1) whether the party to be joined would be a necessary party under Rule 19 of the Federal Rules of Civil Procedure; (2) whether the statute of limitations would bar action against the new defendants in state court; (3) whether there is any unexplained delay in seeking joinder; (4) whether plaintiff is seeking to join a party solely to destroy diversity of citizenship; (5) the apparent validity of the claims; and (6) any prejudice to plaintiff, such as whether judgment can be satisfied against the existing defendants or whether the proposed party can be sued in state court. Schwarzer et al., California Practice Guide, Federal Civil Procedure Before Trial, § 2:3654 (The Rutter Group 2011) (citing Lopez v. General Motors Corp., 697 F.2d 1328, 1332 (9th Cir. 1983); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 352 (1988); Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1376-77 (9th Cir. 1980); Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998); Clinco v. Roberts, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999)). "In order to determine whether Rule 19 requires the joinder of additional parties, the court may consider evidence outside of the pleadings." Behrens v. Donnelly, 236 F.R.D. 509, 512 (D. Haw. 2006) (citing McShan v. Sherrill, 283 F.2d 462, 464 (9th Cir.1960); Charles A. Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure: Civil 3d. § 1359 at 68 (2004)).

  B. Motion to Dismiss

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (ellipsis in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

original; internal quotation marks omitted). But Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for failure to state a claim upon which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson, 551 U.S. at 94. However, allegations contradicted by matters properly subject to judicial notice or by exhibit need not be accepted as true, Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); and a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Id. (alteration in original; citation and internal quotation marks omitted). A complaint must "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Ruling on a motion to dismiss will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief." Id. at 679 (alteration in original; internal quotation marks and citation omitted).

Allegations of fraud are excepted from the "notice pleading" standard of Rule 8(a)(2). Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 513 (2002).

> Rule 9(b) requires that, when fraud is alleged, a party must state with particularity the circumstances constituting fraud. Where fraud is not an essential element of a claim, only those allegations of a complaint which aver fraud are subject to Rule 9(b)'s heightened pleadings standard. Any averments which do not meet that standard should be disregarded, or stripped from the claim for failure to satisfy Rule 9(b). . . . Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word fraud is not used). Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong. Averments of fraud

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

> must be accompanied by the who, what, when, where, and how of the
> misconduct charged. A party alleging fraud must set forth more than
> the neutral facts necessary to identify the transaction.

Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (alterations, citations, and internal quotation marks omitted). In addition, claims that fall under Rule 9(b) must meet Iqbal's plausibility standard. Cafasso v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1055 (9th Cir. 2011).

Matters properly the subject of judicial notice may be considered in ruling on a Rule 12(b)(6) motion. Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994). A district court may consider "[r]ecords and reports of administrative bodies," id., and other "matters of public record outside the proceedings," such as filings in other cases. MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

"Normally, when a viable case may be pled, a district court should freely grant leave to amend." Cafasso, 637 F.3d at 1058. Leave to amend should be granted even if the plaintiff did not request leave, unless it is clear that the complaint cannot be cured by the allegation of different or additional facts. Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). "However, liberality in granting leave to amend is subject to several limitations." Cafasso, 637 F.3d at 1058 (internal quotation marks omitted). "Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." Id. A district court also enjoys broad discretion to deny leave to amend if a plaintiff has previously amended the complaint. Id.

## III. ANALYSIS

### A. Motion for Leave to Amend

Whether leave to amend should be granted hinges on what role, if any, the proposed new defendants played in the acquisition. Jesta Mobile Holdings, Inc., now known as Jesta Digital Holdings, Inc., and Clairvot S.A. acquired the Fox Mobile Group business. (Bendayan Decl. ¶8.) The entities acquired in the Fox Mobile Group transaction include Fox Mobile Entertainment, Inc. (now known as Jesta Digital Entertainment, Inc.), Fox Mobile Distribution, Inc. (now known as Jesta Digital North America, Inc.), Fox Mobile Studios, LLC (now known as Jesta Digital Studios, LLC), Seedling Productions, LLC, and Aldine Productions, LLC (collectively, Acquired

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

Entities).[8] According to Defendants, these entities were wholly-owned subsidiaries of News Corporation prior to the acquisition. (Bendayan Decl. ¶¶ 3-8.)

The proposed FAC does not state a claim against the Acquired Entities for breach of the Agreement or for aiding and abetting fraud. The FAC does not allege that the Acquired Entities were in any way involved with the Fox Mobile Group transaction. The acquisition was in December 2010 (FAC ¶ 54; Bendayan Decl. ¶ 8.) and the corporate documents evidencing the name changes are dated February 2011. (Bendayan Decl. at Exhs. A-D.) This is consistent with Defendants' position.

As to the breach claim, Plaintiffs *argue* that the proposed new defendants "participated in, facilitated, or [were] used to accomplish Jesta Group's breach of the Agreement." (Pls.' Reply at 5.) The FAC, however, lacks factual allegations as to the connection between Jesta Group and the Acquired Entities *at the time* of the alleged breach. Further, while the Agreement seeks to bind a broad range of entities related to the Jesta Group, including "future subsidiaries," such as the Acquired Entities, the FAC does not contain any factual allegations explaining how the Acquired Entities could have breached the Agreement (when it appears they existed only as Fox Mobile Group entities prior to the acquisition) or explaining under what theory the Acquired Entities are otherwise liable for Jesta Group's alleged breach.

In a similar vein, the FAC does not contain factual allegations, much less specific ones, as to how the Acquired Entities aided and abetted the alleged fraud. See Casey v. U.S. Bank Nat'l Ass'n, 127 Cal. App. 4th 1138, 1148 (2005) ("the complaint fails to establish that the banks had actual knowledge of the primary violation in which they purportedly participated. Absent such knowledge, the banks cannot be held liable on an aiding and abetting theory."); Howard v. Super. Ct., 2 Cal. App. 4th 745 (1992) ("[a]iding-abetting focuses on whether a defendant knowingly gave 'substantial assistance' to someone who performed wrongful conduct . . . . [A]iding and abetting . . . necessarily requires a defendant to reach a conscious decision to participate in tortious activity for the purpose of assisting another in performing a wrongful act.") (citations and quotations omitted); see also Neilson v. Union Bank of Cal., N.A., 290 F.Supp.2d 1101, 1118 (C.D. Cal. 2003) (discussing pleading requirements for aiding and abetting fraud claim). Plaintiffs allege only that these entities "actively participated in the fraud and/or substantially assisted it." (FAC ¶ 124.) Such allegations (which make no attempt to specify the conduct of each defendant or differentiate among them) would not survive a motion to dismiss.

Because Plaintiffs have not shown that if the Court were to grant them leave to

---

[8] Defendants identify Jesta Digital as one of the acquired entities (Bendayan Decl. ¶ 2), but as an Original Defendant, it is not at issue in Plaintiffs' motion for leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

amend they would be able to allege a valid claim against the Acquired Entities, the Court does not consider the remaining Section 1447(e) factors with respect to the new proposed non-diverse defendants.

As to the remaining proposed new defendants – Jesta Digital Holdings, Inc., Clairvot S.A., Jesta Group, and Jesta Capital – Defendants argue that joinder is futile for the reasons stated in their motion to dismiss, but do not otherwise oppose their joinder. (Defs.' Opp. at p. 2.)

### B.  Motion to Dismiss

Defendants argue that Plaintiffs' fraud-based claims (Counts 2-6) should be dismissed because: (1) they are precluded by the economic loss rule; (2) Plaintiffs cannot establish justifiable reliance; and (3) the confidential relationship required for constructive fraud is not present.

Defendants further argue that: (1) Plaintiffs have failed to allege a claim for breach of the Agreement; (2) Jesta Digital, LLC, as the successor to Fox Mobile, should be dismissed; and (3) Plaintiffs' claim for lost profits should be stricken or dismissed.

#### 1.  Economic Loss Rule

The economic loss "rule prevent[s] the law of contract and the law of tort from dissolving one into the other." Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal. 4th 979, 988 (2004) (quotation and citation omitted); JMP Securities LLP v. Altair Nanotechnologies Inc., 880 F.Supp.2d 1029, 1042 (N.D. Cal. 2012) (under economic loss rule "no tort cause of action will lie where the breach of duty is nothing more than a violation of a promise which undermines the expectations of the parties to an agreement.") (quoting Oracle USA, Inc. v. XL Global Services, Inc., 2009 WL 2084154, at *4 (N.D. Cal. July 13, 2009)). The rule does not apply if "the duty that gives rise to tort liability is either completely independent of the contract or arises from conduct which is both intentional and intended to harm." Robinson Helicopter Co., Inc., 34 Cal. 4th at 989 (citation and quotation omitted). Tort damages have been permitted in contract cases where a breach of duty causes physical injury, for breach of the covenant of good faith and fair dealing in insurance contracts, or where the contract was fraudulently induced. Id. at 989-90; see Las Palmas Assocs. v. Las Palmas Ctr. Assocs., 235 Cal. App. 3d 1220, 1238–39 (1991) ("[N]o public policy is served by permitting a party who never intended to fulfill his obligations to fraudulently induce another to enter into an agreement. . . . 'Although punitive damages may not ordinarily be given for breach of contract . . . such damages may be awarded where a defendant fraudulently induces the plaintiff to enter

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

into a contract.'") (citations omitted).

Plaintiffs have alleged facts independent of Defendants' alleged breach of the Agreement. In particular, Plaintiffs allege that Defendants falsely promised to support Plaintiffs' bid, falsely represented their willingness to finance the bid, and falsely represented that they would make Foley CEO of the Fox Mobile Group after the acquisition. (Compl. ¶¶ 44-48, 67.) Plaintiffs allege that Defendants made these representations, in part, to induce them to choose Defendants as their capital investor. (Compl. ¶¶ 69, 94.) The Agreement allowed Plaintiffs to explore relationships with other parties and did not require them to enter into an additional agreement with Jesta Group to help finance the transaction. (Agreement at ¶ 9.) Plaintiffs allege that Defendants' misrepresentations induced them to chose Defendants as investment partners over other parties with which they might have entered into confidentiality and non-circumvention agreements. This decision, and the conduct on which it was based, is separate and apart from the obligations set forth in the Agreement which contemplated only a "possible transaction or relationship" between Plaintiffs and Defendants. (Agreement at p. 1.)

Indeed, Plaintiffs' theory is that Defendants intended to deceive them and to capitalize on Plaintiffs' connections and expertise so that they could themselves acquire Fox Mobile. (Compl. ¶¶ 41, 48.) See Robinson Helicopter Co., Inc., 34 Cal. 4th at 990 ("Generally, outside the insurance context, a tortious breach of contract may be found when (1) the breach is accompanied by a traditional common law tort, such as fraud or conversion; (2) the means used to breach the contract are tortious, involving deceit or undue coercion; or (3) one party intentionally breaches the contract intending or knowing that such a breach will cause severe, unmitigable harm in the form of mental anguish, personal hardship, or substantial consequential damages.") (citation and quotation omitted); see Silver v. Goldman Sachs Group, Inc., 2011 WL 1979241, at *5 (C.D. Cal. May 19, 2011) ("promissory fraud is a viable cause of action under California law where a defendant fraudulently induces the plaintiff to enter into a contract, and therefore can lie where the plaintiff alleges that the defendant has entered into a contract without intending to be bound by the terms of that agreement.") (citation and quotation omitted).

The economic loss rule does not preclude Plaintiffs' fraud-based claims.

### 2. Justifiable Reliance

Justifiable reliance is a required element of a fraud claim. See Kearns, 567 F.3d at 1126. Plaintiffs allege that Defendants misrepresented that Foley would be CEO of Fox Mobile, that they were committed to Plaintiffs' bid for Fox Mobile, that Defendants would provide capital for the acquisition, and that Defendants should make a joint bid to reflect their joint role in the acquisition. (Compl. ¶ 67.) Plaintiffs allege that Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

intended for them to rely on these representations and that they justifiably did so. (Compl. ¶¶ 69-70.) Defendants' contention that Plaintiffs cannot, as a matter of law, establish justifiable reliance has no merit. The Agreement's integration clause, (Agreement ¶ 18), does not render Plaintiffs' reliance unjustified. See e.g, Ron Greenspan Volkswagen, Inc. v. Ford Motor Land Dev. Corp., 32 Cal. App. 4th 985, 992 (1995) (contract provision stating that all representations are contained therein does not bar action for fraud). The misrepresentations are not being offered to counter or interpret the Agreement. Even if they were, parol evidence is admissible to prove fraud. See Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Ass'n, 55 Cal. 4th 1169, 1180-81 (2013). Finally, justifiable reliance is almost always a question of fact. See Alliance Mortgage Co. v. Rothwell, 10 Cal. 4th 1226, 1239 (1995) ("Except in the rare case where the undisputed facts leave no room for a reasonable difference of opinion, the question of whether a plaintiff's reliance is reasonable is a question of fact.") (citation and quotation omitted).

### 3. Constructive Fraud

To state a claim for constructive fraud, a plaintiff must allege a fiduciary or confidential relationship. See Assilzadeh v. Cal. Fed. Bank, FSB, 82 Cal. App. 4th 399, 415 (2000) ("Constructive fraud is a unique species of fraud applicable only to a fiduciary or confidential relationship.") Plaintiffs allege that the "Agreement, and promises made therein, created a confidential relationship between the Parties" and that the "Defendants' additional promises to Plaintiffs that they would provide the capital for the parties' acquisition of company and make Foley the CEO of the business – which were not in the Non-Circumvention Agreement – independently created a relationship of trust and confidence between the parties." (Compl. ¶ 102.)

Whether a confidential relationship exists is generally "a question of fact for the jury or the trial court." Barbara A. v. John G., 145 Cal. App. 3d 369, 383 (1983). That said, California courts have identified "vulnerability" as an essential element of a confidential relationship, describing it as: "1) The vulnerability of one party to the other which 2) results in the empowerment of the stronger party by the weaker which 3) empowerment has been solicited or accepted by the stronger party and 4) prevents the weaker party from effectively protecting itself." Persson v. Smart Inventions, Inc., 125 Cal. App. 4th 1141, 1161 (2005) (citations and quotations omitted). In Persson, the court found that no confidential relationship arose in the course of arms-length buyout negotiations between two equal shareholders. Id. at 1162. While the Agreement includes language expressing the parties' intent to enter into a confidential relationship, (Agreement at p. 1), this does not, by itself, mean that the parties had the type of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

confidential relationship required to support a constructive fraud claim. The facts alleged otherwise show that the parties were equally sophisticated with regard to business transactions.

Plaintiffs' constructive fraud claim (Count 5) is dismissed because Plaintiffs have failed to allege "the 'necessary predicate' of vulnerability." Id. at 1161.

### 4. Breach of the Agreement

"In California, in order to state a claim for breach of contract a plaintiff must plead: (1) the existence of the contract; (2) performance by the plaintiff or excuse for nonperformance; (3) breach by the defendant; and (4) damages." First Commercial Mortgage Co. v. Reece, 89 Cal. App. 4th 731, 745 (2001). Contrary to Defendants' assertion, Plaintiffs allege that Defendants breached various provisions of the Agreement, including the non-circumvention provision. (Compl. ¶¶ 59-60.) Defendants argue about the proper *interpretation* of the Agreement, but this inquiry is not appropriate at the motion to dismiss stage. Plaintiffs have also sufficiently alleged damages as a result of Defendants' direct and secret communications with Fox Mobile. (Compl. ¶¶ 61-63.) Plaintiffs have stated a claim for breach of the Agreement.

### 5. Jesta Digital, LLC

The Complaint alleges that Jesta Digital, LLC is a subsidiary, affiliate, partner, or related entity of Jesta Group. (Compl. ¶ 7.) The Complaint also contains specific allegations as to Jesta Digital's involvement in the alleged fraud. (Compl. ¶¶ 76, 111-117.) While the Court has taken judicial notice of the certificate of amendment changing Fox Mobile Distribution, LLC's name to Jesta Digital, LLC, on February 8, 2011,[9] the Court does not otherwise consider Bendayan's Declaration averring that Jesta Digital "was a wholly owned subsidiary of News Corporation" and "was not affiliated with Jason Aintabi, Elliott Aintabi, or any Jesta entities" in ruling on a motion to dismiss. For purposes of a motion to dismiss, the Court must presume all factual allegations to be true and draw all reasonable inferences in favor of the non-moving party. Klarfeld, 944 F.2d at 585. Plaintiffs have made sufficient factual allegations to state a claim against Jesta Digital.

---

[9]The California Secretary of State filing attached as Exhibit 1 to Plaintiffs' Request for Judicial Notice (Doc. Nos. 33-4) does not contradict the certificate of amendment attached to Bendayan's Declaration as Exhibit A as it shows only that an entity now known as Jesta Digital, LLC became active in California on March 5, 2007.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

### 6. Alleged Damages

Plaintiffs allege damages "in excess of $100,000,000, or according to proof at trial." Defendants seek to strike or dismiss Plaintiffs' requested damages as "based on a speculative theory of lost profits." (Defs.' Reply at 9.) Fed. R. Civ. P. 12(f) "does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974-75 (9th Cir. 2010). The Court also declines to dismiss Plaintiffs' claims on the grounds that they may not be able to obtain the specific relief demanded. See Rodriguez v. Service Emps. Intern., 755 F.Supp.2d 1033, 1052 (N.D. Cal. 2010) ("the Court concludes that it is not required to dismiss Plaintiffs complaint on the basis of the relief sought in it so long as some relief can be granted."); Massey v. Banning Unified School Dist., 256 F.Supp.2d 1090, 1092 (C.D. Cal. 2003) ("a Rule 12(b)(6) motion "'will not be granted merely because [a] plaintiff requests a remedy to which he or she is not entitled.'") (citation omitted). Disgorgement of profits is an available remedy for breach of contract (Ajaxo Inc. v. E*Trade Group, Inc., 135 Cal. App. 4th 21, 57 (2005) (finding substantial evidence in support of $1.29 million restitution award for breach of contract), just as lost profits are recoverable for fraud. See Greenwich S.F., LLC v. Wong, 190 Cal. App. 4th 739, 751 (2010) (noting that lost profit damages may be recoverable for fraud).

It is true that "[i]f the existence—and not the amount—of damages alleged in a fraud pleading is too remote, speculative or uncertain, then the pleading cannot state a claim for relief." Beckwith v. Dahl, 205 Cal. App. 4th 1039, 1064 n.9 (2012) (citation and quotation omitted). But that is not the case here. Plaintiffs allege that "Defendants acquired Fox Mobile on their own and have retained all the profit for themselves; and (2) Defendants obtained all the Plaintiffs' confidential information . . . at no cost to Defendants." (Compl. ¶ 62; see also Compl. ¶ 74.) While Defendants are correct that Plaintiffs have not alleged sufficient facts to support their claim for lost profits as a result of Defendants' alleged fraud,[10] Plaintiffs have adequately pled facts that, if true, prove entitlement to some relief. See Block v. Tobin, 45 Cal. App. 3d 214, 220 (1975) ("one may recover compensation for time and effort expended in reliance on a defendant's misrepresentation.").

## IV. CONCLUSION

---

[10] Plaintiffs argue that had they "not relied on Defendants' misrepresentations, they could have acquired [Fox Mobile] by working with one of the other investment partners" (Pls.' Opp. at p. 19), but they do not make any such allegation in their Complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

     Defendants' Motion to Dismiss is GRANTED IN PART AND DENIED IN PART. Plaintiffs' constructive fraud claim (Count 5) is DISMISSED.

     Plaintiffs' Motion for Leave to Amend is GRANTED IN PART AND DENIED IN PART.  Plaintiffs may add Jesta Digital Holdings, Inc., Clairvot S.A., Jesta Group, LLC, and Jesta Capital, Inc. as defendants.  The Court does not determine that the allegations in the proposed First Amended Complaint are sufficient to survive a motion to dismiss as to these defendants.  Counsel are reminded of their obligations under Rule 11.

     Plaintiffs have until November 20, 2013 to file their First Amended Complaint in accordance with this Order.  No parties other than those specified in this Order may be added.  No new claims may be added.  In order to add additional parties or new claims, Plaintiffs must file a separate motion for leave to amend.

     IT IS SO ORDERED.