UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 13-3691 DSF (SSx) | Date | 5/19/14 |
| Title | Aidan Foley, et al. v. Elliot Aintabi, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING IN PART and DENYING IN PART Defendants' Motion for Summary Judgment and DENYING Plaintiffs' Motion for Summary Judgment (Dkt. Nos. 98, 104)[1]

Jesta Digital, LLC's motion for summary judgment is GRANTED as Plaintiffs have failed to provide any evidence of liability as to that entity. Otherwise, both motions for summary judgment/adjudication are denied because there are disputed issues of material fact.

While interpretation of any specific provision is not directly before the Court, the Court is generally sympathetic to Plaintiffs' interpretation of the contract provisions at issue. The definition of confidential information in the contract almost certainly includes the information disclosed by Plaintiffs to Defendants. (See Def. Ex. G (Agreement) ¶ 1 ("Confidential Information includes . . . the proposal materials, project, and Transaction information of Discloser.").) There is also nothing in the plain language of the contract that suggests that Plaintiffs are limited to a finder or broker fee or that Defendants could unilaterally offer such a fee as satisfaction of their obligations under the contract. Plaintiffs' compensation is not the subject matter of the contract; the contract only notes that Defendants could not cut AF Double Eagle – the "Discloser" under the contract – out of any potential gains. (See id. ¶ 4.)

---

[1] The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for May 19, 2014 is removed from the Court's calendar.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

However, as to the confidential information, there is a material dispute whether Defendants actually used any confidential information provided by Plaintiffs in the purchase of Fox Mobile.  Circumvention presents a closer question.  That the transaction at issue closed after the expiration of the contract doesn't protect Defendants because they took actions during the period of the contract that, viewed in the light most favorable to Plaintiffs, suggest circumvention.  But there are also facts in the record that suggest that Plaintiffs were aware of at least some of Defendants' maneuvers with Fox Mobile at the time they were occurring – e.g., the change of acquiring party from AF Double Eagle to Jesta.  The record before the Court does not show that Plaintiffs objected to these changes other than an objection to a communication directly between Defendants and Fox Mobile.  If Plaintiffs were aware of the alleged circumvention at the time and did not object, it raises the inference that Plaintiffs did not understand the actions to be circumventing their position.  This is especially true in this context where the exact relationship between the parties is a matter of dispute – i.e., Plaintiffs claim that AF Double Eagle was to be a principal, Defendants claims that Plaintiffs were finders or brokers.  In other words, because there appears to be a disagreement between the parties as to what the intended benefits to AF Double Eagle were, the Court cannot say that there are no disputes as to whether AF Double Eagle was circumvented in obtaining those benefits.

Disgorgement of profits is sometimes available in contract cases where there is no adequate remedy at law, and has been found to be an appropriate remedy under California law in somewhat analogous circumstances.  See Ajaxo Inc. v. E*Trade Group, Inc., 135 Cal. App. 4th 21, 55-57 (2005).  However, neither party has made a compelling showing of the entitlement, or lack thereof, to disgorgement in this particular case.  Plaintiffs state – in a fairly conclusory way – that there is no adequate remedy at law.  Defendants' arguments that there are legal damages available related to damages that would stem from the fraud claim, not the contract claim.  In this situation, the Court will allow the disgorgement theory to move forward, but may refuse to allow disgorgement later if it appears that a sufficient legal remedy is available to compensate Plaintiffs.

Summary judgment as to laches is not appropriate.  Defendants make little to no showing that they have suffered any prejudice due to the delay – a delay that was within the statute of limitations for a contract action.  See also Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 835 (9th Cir. 2002) ("If the plaintiff filed suit within the analogous limitations period, the strong presumption is that laches is inapplicable.").

As for the fraud claim, disputed questions of fact permeate the issues.  Defendants' argument that reliance was unreasonable, as a matter of law, due to the integration clause

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

in the contract is not persuasive. Reasonableness of reliance is almost always a question of fact for the jury, and the mere fact of a contract covering related, but not identical, issues as the allegedly fraudulent promises does not mean that reliance was unreasonable as a matter of law.

 Jesta Digital, LLC's motion for summary judgment is GRANTED. Otherwise, the motions for summary judgment are DENIED.

 IT IS SO ORDERED.